IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 0 6 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-02253-BNB

RALPH WRIGHT,

    Applicant,

v.

JOHN DOE, Warden of the Arkansas Valley Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant, Ralph Wright, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Wright initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in El Paso County District Court case number 97CR2513. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On November 17, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On December 5, 2008, Respondents filed their pre-answer response. Applicant has failed to file a reply, although he was afforded the opportunity to do so.

The Court must construe liberally the application filed by Mr. Wright because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will order Mr. Wright to submit an amended application.

Upon review, the Court has determined that Mr. Wright's application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading shall "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Wright asserts three claims. His first and second claims are vague and conclusory because they are unsupported by specific factual assertions and leave to Respondents and the Court the task of determining the basis for the claims. *Pro se* status does not relieve Mr. Wright of the burden of alleging sufficient facts on which a recognized legal claim can be based. *See Fogle v. Pierson*, 435 F.3d 1252, 1263 n.7

(10th Cir. 2006). Conclusory allegations without supporting factual averments are insufficient to state a claim. *Hall*, 935 F.2d at 1110. As a result of Mr. Wright's conclusory allegations, Respondents' response attempts but is unable to respond to the basis for each asserted claim. Mr. Wright will be directed to file on the proper, Court-approved form an amended application that complies with Fed. R. Civ. P. 8. The amended application Mr. Wright will be directed to file must be assert clearly each of his federal claims and the relief he seeks. Mr. Wright may not refer to or rely upon attachments to explain his asserted claims or to provide support for the asserted claims. Accordingly, it is

ORDERED that Applicant, Ralph Wright, file **within thirty (30) days from the date of this order** an amended application that complies with Fed. R. Civ. P. 8 for the reasons discussed in this order. It is

FURTHER ORDERED that Mr. Wright's amended application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Wright, together with a copy of this order, two copies of the following form to be used in filing the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Wright fails within the time allowed to file a amended application as directed, the application will be denied and the action dismissed without further notice.

DATED February 6, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02253-BNB

Ralph Wright
Prisoner No. 43140
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on 2/6/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk